FILED
JAMES J. VILT, JR. - CLERK

JUN 18 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.

**ASHLEY BARNETT**
**LAURA WEBB**
**RACHEL GOLDSTEIN**

INFORMATION

NO. 3:25 CR 94 CHB

18 U.S.C. § 2
18 U.S.C. § 670
18 U.S.C. § 982
18 U.S.C. § 1347
21 U.S.C. § 843
21 U.S.C. § 846
21 U.S.C. § 853

The United States Attorney charges:

## COUNT 1
*(Conspiracy to Illegally Use DEA Registration Number Issued to Another)*

Beginning on or about July 1, 2020, and continuing through on or about October 29, 2024, in the Western District of Kentucky, Jefferson and Washington Counties, Kentucky, and elsewhere, the defendants, **ASHLEY BARNETT** and **LAURA WEBB**, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, to use a registration number belonging to another person in the course of dispensing and distributing Schedule II controlled substances, to wit: **LAURA WEBB**, who is a licensed Doctor of Veterinary Medicine (DVM), conspired with **ASHLEY BARNETT**, who is also a licensed Doctor of Veterinary Medicine (DVM), to issue pre-signed blank prescriptions for Schedule II controlled substances purportedly intended for **ASHLEY BARNETT's** canines, but in reality, **ASHLEY BARNETT** diverted the controlled substances for personal use.

In violation of Title 21, United States Code, Sections 843(a)(2) and 846.

The United States Attorney further charges:

## COUNT 2
*(Conspiracy to Obtain a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge)*

Beginning on or about July 1, 2020, and continuing through on or about October 29, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **ASHLEY BARNETT** and **RACHEL GOLDSTEIN**, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, to acquire and obtain possession of controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge, to wit: **ASHLEY BARNETT**, who is a licensed Doctor of Veterinary Medicine (DVM), conspired with **RACHEL GOLDSTEIN** and others to issue prescriptions for over 25,000 Schedule II controlled substances, such as oxycodone and hydrocodone, in the names of various canines, including some deceased and fictitious canines, but in reality, **ASHLEY BARNETT** and **RACHEL GOLDSTEIN** were the recipients of the controlled substances.

In violation of Title 21, United States Code, Sections 843(a)(3) and 846.

The United States Attorney further charges:

## COUNT 3
*(Theft of Medical Products)*

Beginning on or about August 21, 2024, and continuing to on or about October 24, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **ASHLEY BARNETT**, did knowingly and unlawfully take, carry away, and conceal a pre-retail medical product, using a means and facility of interstate commerce, to wit: **ASHLEY BARNETT**, an employee of Victim Business, a veterinarian clinic that performed surgeries, which was in the supply chain for Buprenorphine, took, carried away, and concealed Buprenorphine from Victim

Business, prior to the controlled substances being made available for retail purchase by a consumer.

In violation of Title 18, United States Code, Sections 670(a)(1), (b)(1), and (c)(3).

The United States Attorney further charges:

## COUNT 4
*(Health Care Fraud)*

On or about November 30, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **ASHLEY BARNETT** and **RACHEL GOLDSTEIN**, knowingly and willfully executed, and attempted to execute, a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, and promises, money and property owned by and under the custody or control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, and aided and abetted each other in doing so, to wit: **ASHLEY BARNETT** requested **RACHEL GOLDSTEIN** obtain Dextroamphetamine, a Schedule II controlled substance, from her doctor and provide the drugs to **ASHLEY BARNETT**. **RACHEL GOLDSTEIN** received a prescription from her doctor for Dextroamphetamine and filled it at a pharmacy where she paid with Kentucky Medicaid. **RACHEL GOLDSTEIN** then provided the Dextroamphetamine to **ASHLEY BARNETT**.

In violation of Title 18, United States Code, Sections 1347 and 2

## NOTICE OF FORFEITURE

If convicted of any violation of Title 21, United States Code, Sections 843 and 846, the defendant, **ASHLEY BARNETT, LAURA WEBB,** and **RACHEL GOLDSTEIN**, shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or

indirectly, as the result of any such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853.

If convicted of any violation of Title 18, United States Code, Section 1347, the defendant, **ASHLEY BARNETT** shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of any such violations, pursuant to Title 18, United States Code, Section 982(a)(7).

_____
KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KGB:JRA

UNITED STATES OF AMERICA v. **ASHLEY BARNETT, LAURA WEBB,** and **RACHEL GOLDSTEIN**

## PENALTIES

Count 1:     NM 4yrs./$250,000 fine/both/NM 3 yrs. Supervised Release
Count 2:     NM 4yrs./$250,000 fine/both/NM 3 yrs. Supervised Release
Count 3:     NM 5 yrs./$250,000 fine/both/NM 3 yrs. Supervised Release
Count 4:     NM 10 yrs./$250,000 fine/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | Misdemeanor: | $ 25 per count/individual $125 per count/other | Felony: | $100 per count/individual $400 per count/other |
|---|---|---|---|---|

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

> If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.